**UNITED STATES of America**

v.

**Jesse Lee ALSTON, Appellant.**

No. 07–2639.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a), July 16, 2009.

Opinion Filed: Aug. 7, 2009.

Theodore B. Smith, III, Office of United States Attorney, Harrisburg, PA, for Appellee.

Frederick W. Ulrich, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: RENDELL, FUENTES, and ROTH, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge:

In 2006, Appellant Jesse Lee Alston was subject to a traffic stop by a Pennsylvania State Police trooper for a tinted window violation, which led to a search of the car when the trooper observed marijuana residue in the center console. During the search, the officer found heroin and marijuana in the car, and in a subsequent interview Alston admitted that both were his. He then pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute heroin.

A pre-sentence report calculated Alston's Guidelines range to be 41 to 51 months, based on an offense level of 15 and criminal history category of 6. At his sentencing, Alston made no objections to the PSR and raised no grounds for downward departure or variance. The district court sentenced Alston to 51 months' imprisonment, based on his extensive criminal history. He timely filed this appeal.[1]

Alston's attorney, Dennis E. Boyle, subsequently filed a motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We will allow the motion to withdraw and will affirm Alston's plea and sentence.

In *Anders*, the Supreme Court held that a criminal defendant's appeal may be dismissed on the merits and his counsel permitted to withdraw if, after his attorney has conducted a thorough exploration of possible issues on appeal, the attorney "conscientiously concludes, and so advises the appellate court, that there are no meritorious grounds of appeal." 386 U.S. at 741 n. 2, 87 S.Ct. 1396. Additionally, "the appellate court [must be] ... satisfied from its own review of the record, in light of any points personally raised by the defendant, that appointed counsel's conclusion is correct." *id.*; *see also* Third Circuit Rule 109.2(a).

The first step in reviewing an *Anders* brief is therefore to determine whether the appellant's attorney has conducted the appropriate examination of the record for non-frivolous issues for appeal. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). Here, counsel's *Anders* brief identifies only the question of whether Alston's sentence was unreasonable under 18 U.S.C. § 3553(a). He notes that an argument about the reasonableness of the sen-

---

1. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

tence would be frivolous because the District Court properly considered the § 3553(a) factors and took them into account in imposing a top-of-the-Guidelines sentence. This assessment is accurate, given the sentencing court's detailed explanation of the grounds for its decision and the reference to proper factors such as Alston's criminal history and likelihood of recidivism. *See United States v. Jones,* 566 F.3d 353, 366 (3d Cir.2009) (explaining that a sentence is procedurally reasonable where the sentencing judge correctly calculates Guidelines range, does not treat the range as mandatory, meaningfully considers the § 3553(a) factors, and adequately explains the chosen sentence); *United States v. Hoffecker,* 530 F.3d 137, 204 (3d Cir.2008) (noting that a within-Guidelines sentence is more likely to be substantively reasonable than one falling outside the Guidelines range).

The only deficiency in counsel's brief is that it does not address the validity of Alston's guilty plea. However, that alone does not indicate that Boyle did not conduct the necessary "conscientious examination" of the record for appealable issues. *See Youla,* 241 F.3d at 300 ("Counsel need not raise and reject every possible claim."). Moreover, our own review supports Boyle's implicit judgment that the plea proceeding offers only patently frivolous issues for review. *See United States v. Marvin,* 211 F.3d 778, 781 (3d Cir.2000) (stating that even where counsel's *Anders* brief is inadequate, a court may still dismiss the appeal if its frivolousness is patent). The District Court conducted a thorough plea colloquy pursuant to Federal Rule of Criminal Procedure 11, making every effort to overcome Alston's initial equivocation about his desire to plead

guilty. The record shows that Alston's plea was indeed "knowing, voluntary, and intelligent." *See Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (holding that accused must have "a full understanding of what the plea connotes and of its consequence" for guilty plea to stand as a waiver of constitutional rights).

Alston himself, although offered the opportunity to file a *pro se* brief, did not choose to do so, and we can identify no other potential grounds for appeal. Therefore, we will grant defense counsel's *Anders* motion and affirm the sentence imposed by the District Court.[2]

---

2. We also conclude that this appeal lacks legal merit for purposes of the filing of a petition for writ of certiorari in the United States Supreme Court. *See* Third Circuit Rule 109.2(b).